IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MELVIN GARCIA,

        Petitioner,

v.                                        No. CIV 07-982 RB/LFG

ROBERT ULIBARRI, Warden,
and the ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO, GARY K KING,

        Respondents.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]

### Findings

1.      This is a proceeding on an application for writ of habeas corpus brought under 28 U.S.C. § 2254, filed September 26, 2007.  [Doc. 1].  Petitioner Melvin Garcia ("Garcia"), currently confined at the Central New Mexico Correctional Facility in Los Lunas, New Mexico, challenges the judgment and sentence and amended judgment and sentence  entered by the Eleventh Judicial District Court in State v. Garcia, No. D-1116-CR-200600506-6 (San Juan County, New Mexico).  [Doc. 13, Exhibits A, C.]

2.      As grounds for federal habeas review, Garcia alleges ineffective assistance of counsel, consisting of trial counsel's failure to effectively cross examine the State's witnesses and to provide

---

[1]Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

defendant's witnesses.  Garcia also asserts that counsel was ineffective by allowing the conviction to be obtained through the use of Garcia's coerced confession during which Garcia was under the influence [Doc. No. 1, p. 6.]

3.      On October 9, 2007, Respondent filed a Notice regarding Garcia's failure to exhaust the claims in his petition by seeking review in the New Mexico Supreme Court.  [Doc. 6.]  Garcia raised the ineffective assistance of counsel claims in a state habeas petition on September 17, 2007, which was denied by the state district court on September 18, 2007.  However, Garcia had not yet filed a petition for writ of certiorari in the New Mexico Supreme Court, although he still had time to do so.  [Doc. 6, ¶ 6.]

4.      On October 11, 2007, the Court stayed these proceedings pending further action by Garcia or the state courts.  [Doc. 7.]

5.      On October 31, 2007, Garcia provided this Court with the State Supreme Court's denial of his petition for writ of certiorari [Doc. 10], and the Court lifted the stay previously issued. [Doc. 11].

6.      On November 28, 2007, Respondents filed an Answer, in which they agreed that Garcia now had exhausted administrative remedies with respect to the claims of ineffective assistance of counsel.  [Doc. 13, ¶ 7.]

7.      The Court ordered Respondent to provide the state record and transcripts.  In making this recommendation, the Court reviewed the trial transcript (as recorded on CD) and the state court record, along with state court pleadings attached by both parties.

## Factual and Procedural History

8.      On about April 2, 2006, Garcia was found in the passenger seat of a vehicle allegedly driven by his friend, Alvin Padilla.  [Trial Tape, CD Nos. 1&2.]  According to Garcia, Padilla was driving them home but wished to stop by the mobile home of Padilla's girlfriend for a short visit. Garcia remained in the passenger seat of  the car.  He admits he was intoxicated.  He claims that Padilla left the keys in the ignition and the car running in "neutral."  According to Garcia, the car somehow rolled backwards into a neighboring mobile home causing damage to the home.  Garcia denies driving or operating the vehicle.  [Id.]

9.      Officers, who arrived on the scene and interviewed Garcia, testified at trial that Garcia admitted he had placed the car in reverse from the passenger seat and used his left foot to press the gas pedal because he was worried that the car might get stuck in the gravel.  The neighbor, whose home was damaged, testified, that he came out after the collision and could see someone in the passenger seat of the vehicle.  When the neighbor saw the person in the passenger seat reach over to the ignition to move the car, the neighbor opened the driver's side door, turned off the ignition, and removed the car keys.   [Transcripts of Trial, CD's 1 and 2.]

10.     At trial, Garcia denied admitting he had moved the vehicle in any way and insisted he did not drive or operate the car on the evening in question.  On November 1, 2006, a jury found Garcia guilty of Driving Under the Influence of Intoxicating Liquor or Drugs.  The state district court also found that this conviction was at least Garcia's seventh DWI based on prior DWI convictions. [Doc. 13, Ex. A, C.]  Garcia was represented through trial by Emeterio L. Rudolfo.  [Doc. 1, p. 11; Trial CD's.]

11.     On November 20, 2006, the state court entered judgment and sentence.  Garcia was committed to the custody of the New Mexico Corrections Department for a period of confinement of three years.  On December 18, 2006, Garcia filed a Notice of Appeal.  On December 27, 2006, the state court entered an amended judgment and sentence, which included various mandatory fees associated with a felony DWI conviction.  [Doc. 13, Exhibits A, B, C.]

12.     On January 29, 2007, attorney Rudolfo filed a Docketing Statement in support of the appeal.  [Doc. 13, Ex. D.]  He argued in the appeal that there was not sufficient evidence to support Garcia's DWI conviction.  Garcia did not dispute that he was intoxicated on the pertinent date.  [Doc. 13, Ex. D.]  But, he denied having operated the vehicle, as defined by the pertinent statute.

13.     On February 20, 2007, the New Mexico Court of Appeals issued a Proposed Summary affirmance of the conviction.  The Court noted that the pertinent statute encompassed "persons [] in a situation in which they can directly commence operating a vehicle while they are intoxicated." (internal citation omitted).  [Doc. 13, Ex. E.]  The Court observed that the State presented witness testimony that established Garcia, while sitting in the passenger seat, reached over and attempted to move the vehicle after it backed into the trailer home.  An investigating officer also testified that Garcia admitted he had attempted to shift the car into reverse from the passenger seat.  Viewing the evidence in the light most favorable to upholding the verdict, the Court of Appeals proposed to conclude that Garcia was in a situation where he directly commenced operating the vehicle.  Thus, his actions constituted "operation of a motor vehicle," thereby satisfying the first element of the charged offense.  [Doc. 13, Ex. E, p. 2.]

14.     On April 24, 2007, Garcia filed a memorandum opposing the proposed summary affirmance.  [Doc. 13, Ex. F.]  Appellate counsel argued primarily that there were multiple instances

where Garcia reported he had not driven the vehicle and was asleep when the vehicle backed into the trailer.  Thus, Garcia contended there was insufficient evidence to convict him of the offense.

15.     On May 11, 2007, the Court of Appeals issued a Memorandum Opinion affirming the conviction.  [Doc. 13, Ex. G.]

16.     On May 18, 2007, Garcia filed a petition for writ of certiorari, setting forth the same argument he presented in the appeal.  [Doc. 13, Ex. H.]  On June 26, 2007, the New Mexico Supreme Court issued an Order denying the petition for writ of certiorari.  [Doc. 13, Ex. I.]

17.     On about September 17, 2007, Garcia filed a habeas petition in state court.[2]  [Doc. 13, Ex. L.]  He argued ineffective assistance of counsel for failure to properly cross examine the State's witnesses, for not producing Garcia's witnesses and because his conviction was obtained through the use of a coerced confession while Garcia was "under the influence."  [Ex. L, p. 3.]

18.     On September 18, 2007, the state district court issued an Order stating it had considered the state habeas petition and that there was no "liable [sic] claim in this cause regarding ineffective assistance of counsel."  The state court observed that all relevant facts were presented to a jury, the facts in the case were uncontested and that the only issue was whether or not Garcia was "operating" a motor vehicle from the passenger seat.  [Doc. 13, Ex. L.]  The state district court denied the state habeas petition.

---

[2]On July 26, 2007, Garcia filed a first federal habeas petition before he filed the state habeas petition. Garcia v. Ulibarri, No. CIV 07-719 BB/LFG.  The federal district court determined at that time that Garcia had not presented any of the issues raised in the federal petition to the state court.  Therefore, the Federal Court dismissed the first federal habeas petition, without prejudice, to allow Garcia to exhaust his state remedies.  [Doc. 9 in No. CIV 07-719.]  Garcia then proceeded with a state habeas petition before filing the second federal habeas petition.

19.     On October 15, 2007, Garcia filed a petition for writ of certiorari, presenting the same ineffective assistance of counsel claims.  [Doc. 13, Ex. M.]  On October 26, 2007, the New Mexico Supreme Court denied the petition for writ of certiorari.  [Doc. 13, Ex. N.]

## Discussion

## Exhaustion of Remedies

20.     Respondents concede that Garcia exhausted the claim of ineffective assistance of counsel but argue that he has not overcome the presumption of correctness to which state court factual findings are entitled under 28 U.S.C. § 2254.  [Doc. 13, ¶¶ 7-9.]  They ask that Garcia's petition be denied and dismissed, with prejudice.

## Deference to State Court Adjudications

21.     A federal court is precluded from granting habeas relief on any claim adjudicated on the merits by the state courts, unless the proceeding resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d); Smallwood v. Gibson, 191 F.3d 1257, 1264-65 (10th Cir. 1999), *cert. denied*, 531 U.S. 833, 121 S.Ct. 88 (2000).  "Federal habeas courts do not sit to correct errors of fact or to relitigate state court trials.  Our jurisdiction is limited to ensuring that individuals are not imprisoned in violation of the Constitution."  Thompson v. Oklahoma, 202 F.3d  283 (Table, text in Westlaw), No. 98-7158, 2000 WL 14404, at *6 (10th Cir. Jan.10, 2000), *cert. denied*, 530 U.S. 1265, 120 S.Ct. 2725 (2000).

22.     Section 2254(d) was amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which "increase[d] the deference to be paid by the federal courts to the state

court's factual findings and legal determinations."  Houchin v. Zavaras, 107 F.3d 1465, 1470 (10th

Cir. 1997).  The Tenth Circuit Court of Appeals further explained:

> Under § 2254(d)(1), a federal court may grant a writ of habeas corpus only if the state court reached a conclusion opposite to that reached by the Supreme Court on a question of law, decided the case differently than the Supreme Court has decided a case with a materially indistinguishable set of facts, or unreasonably applied the governing legal principle to the facts of the petitioner's case.  'Under § 2254(d)(1)'s unreasonable application clause . . ., a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable.'  'In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.'  AEDPA also requires federal courts to presume state court factual findings are correct, and places the burden on the petitioner to rebut that presumption by clear and convincing evidence.

Sallahdin v. Gibson, 275 F.3d 1211, 1221-22 (10th Cir. 2002) (*relying on* 28 U.S.C. § 2254(e)(1)).

23.     Before reaching Garcia's habeas claims, the Court determines whether the state court

adjudicated the claims on the merits.  The state court denied Garcia's habeas petition by summarily

rejecting that there was ineffective assistance of counsel.  The state court observed that all evidence

was presented to a jury, that the facts were uncontested and that the only issue was whether Garcia

"operated the vehicle" from the passenger seat.  In so doing, the state court noted that it had

reviewed the habeas petition and made a number of specific findings with respect to Garcia's claims

and arguments.  [Doc. 13, Ex. L.]

24.     Even if the state court's Order is considered a summary dismissal of Garcia's petition,

there is authority for the proposition that a court's summary dismissal of a habeas petition constitutes

an adjudication on the merits.  Aycox v. Lytle, 196 F.3d 1174, 1177-78 (10th Cir. 1999) (affording

deference under the AEDPA, to state court's rejection of claim's merit, despite lack of any

7

reasoning); <u>Weeks v. Angelone</u>, 176 F.3d 249, 259 (4th Cir. 1999), *aff'd*, 528 U.S. 225, 120 S.Ct. 727 (2000); <u>Swann v. Taylor</u>, 173 F.3d 425 (Table, Text in Westlaw), 1999 WL 92435 at *11 (4th Cir.), *cert. denied*, 526 U.S. 1106, 119 S.Ct. 1591 (1999). *See also* <u>Wright v. Angelone</u>, 151 F.3d 151, 157 (4th Cir. 1998) (refusing to presume that a summary order indicated a cursory or haphazard review of a petitioner's claims). In Garcia's case, the state court specifically mentioned and rejected Garcia's claims of ineffective assistance of counsel and made other factual findings in its Order. The Court concludes that Garcia's claims of ineffective assistance of counsel were adjudicated on the merits in state court and are, therefore, subject to review under the standard set forth in 28 U.S.C. § 2254(d).

### Ineffective Assistance of Counsel Claim

25. An accused has a Sixth Amendment right to assistance of counsel in a criminal prosecution, which includes the right to effective assistance of counsel at trial. <u>Strickland v. Washington</u>, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063-64 (1984). "The essence of a claim of ineffective assistance is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 374, 106 S.Ct. 2574, 2582 (1986).

26. To establish ineffective assistance of counsel, Garcia must make a two-prong showing: (1) that counsel's performance was constitutionally defective; and (2) that the deficient performance prejudiced the defense, in that counsel's errors were so serious as to deprive the defendant of a defense. <u>Strickland</u>, 466 U.S. at 687, 104 S.Ct. at 2064. To prove deficient performance, Garcia must overcome the presumption that counsel's conduct was constitutionally effective. <u>Duvall v. Reynolds</u>, 139 F.3d 768, 776 (10th Cir.), *cert. denied*, 525 U.S. 933, 119 S.Ct. 345 (1998). Scrutiny

of counsel's performance must be "highly deferential" and must avoid the distorting effects of hindsight.  Miles v. Dorsey, 61 F.3d 1459, 1474 (10th Cir. 1995), *cert. denied*, 516 U.S. 1062, 116 S.Ct. 743 (1996).  In order to be found constitutionally ineffective, trial counsel's performance must have been completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy.  Hoxsie v. Kerby, 108 F.3d 1239, 1246 (10th Cir.), *cert. denied*, 522 U.S. 844, 118 S. Ct. 126 (1997).

27.     In support of his ineffective assistance of counsel claim, Garcia states only:

(A) ineffective cross examination of States witnesses.
(B) not producing Defendants [sic] witnesses.
(C) conviction obtained by use of coerced confession (confession of
defendant while under influence of alcohol).

[Doc. 1, p. 6.]  Garcia provides no other supporting facts than these.  He does not specify how trial counsel should have cross examined the State's witnesses or which witnesses were not effectively cross examined.

28.     After reviewing the recorded trial transcript, the Court observes that defense counsel cross examined each of the three witnesses presented by the State:  Aaron Gould, the neighbor who owned the motor home that was damaged on the night in question; Deputy Floyd Foutz who investigated the scene of the accident on that night; and Deputy Lori Bunney Jones, who also investigated the scene of the accident.  Defense counsel had little to work with in terms of a defense for Garcia, but attempted with some success to bring out some inconsistencies and uncertainties in Mr. Gould's testimony.  In his cross examination of Deputy Foutz, defense counsel brought to light that while Foutz had a camera, he took no pictures of the car or car tracks.  While he had a recording device, Foutz did not record any of his communication with Garcia.  Foutz testified that his recorder

was new, had problems and was not working.  Foutz could not remember what he said in his report with respect to what Garcia may have told him about putting the car into gear from the passenger seat.  Defense counsel succeeded in getting Foutz to testify that Garcia might have been asleep or have passed out before the car backed into the trailer.  In his cross examination of Deputy Jones, defense counsel challenged her credibility by obtaining testimony that it was common for officers to give false information to a suspect in order to obtain other information.  For example, Deputy Jones admitted that she continued to accuse Garcia of driving the vehicle to Padilla's girlfriend's motor home that night, even though he had not.  Defense counsel also questioned Deputy Jones' failure to use a tape recorder that night even though she too had one with her.  She testified that she knew she was supposed to turn on the recorder but had not done it.  It was undisputed that Garcia was highly intoxicated on the night in question.  In addition, it was uncontested that Garcia was sitting alone in a car with the car keys in the ignition when that car backed into a motor home.  The neighbor's testimony that someone in the passenger seat[3] reached over to the ignition to move the car after it backed into the motor home also was unchallenged.  Based on the facts, defense counsel did a commendable job in his attempts to challenge all three witnesses.  There was no evidence that defense counsel's performance was constitutionally defective.  Even if it could be said that defense counsel's cross examinations of the witnesses were deficient in some manner, there is no evidence of prejudice in view of the undisputed facts.

29.    To the extent that Garcia believed his attorney should have more aggressively cross examined the witnesses, this is a tactical decision that the Court will not second-guess.  In evaluating

---

[3]Although the neighbor could not identify Garcia as the man in the passenger seat, the officers were able to identify him.

a claim of ineffective assistance of counsel, the court "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689, 104 S.Ct. 2052 (quotation omitted). Here, after listening to the examinations of the witnesses during trial, this Court believes that counsel made reasonable strategic decisions in the types of cross examinations he conducted. [Trial CD's.] Garcia has not overcome the presumption that counsel engaged in sound trial strategy with respect to the cross examinations he conducted.

30.     Regarding Garcia's contention that defense counsel did not present other witnesses to support Garcia, the defendant identified no other witness that defense counsel should have called. Moreover, Garcia does not state what any witness might have said to support Garcia's version of what occurred on the night in question. Indeed, there appears to be only one other possible witness in this case – Alvin Padilla, Garcia's friend who purportedly was driving the vehicle that night and who drove the car to his girlfriend's motor home. Garcia testified at trial that he "couldn't find his buddy to defend him" and that he had been looking for him for two weeks. Thus, there is no evidence that defense counsel was remiss in attempting to locate Padilla. Garcia himself stated that he had been looking for Padilla for two weeks and could not find him. In addition, Garcia provided no evidence that Padilla's possible testimony might have helped absolve Garcia. The facts simply do not support a claim of ineffective assistance of counsel.

31.     Garcia also alleges that trial counsel's performance was constitutionally defective because the State was permitted to use Garcia's confession that was given while Garcia was intoxicated. Garcia testified at trial and insisted that he had not driven or operated the vehicle on the

11

night in question.  The investigating police officers also testified that Garcia reported to them  that he had not operated the vehicle.  He both denied and admitted operating the vehicle.  Moreover, it is undisputed that Garcia was in the car alone, he was sitting in the passenger seat close enough to place the car in reverse, the car keys were in the ignition, the car was running, and the car backed into the motor home while Garcia was in it.  In addition, the neighbor's testimony that Garcia reached over to move the vehicle after the collision was unchallenged.  Even without Garcia's confession, a jury could have believed that Garcia "operated the vehicle" by shifting the car into reverse from the passenger seat.  Under these facts, the Court finds neither constitutionally defective performance by defense counsel nor prejudice to Garcia.

32.     None of Garcia's summary allegations of ineffective assistance of counsel, taken together or alone, constitute sufficient facts to show that his attorney's representation fell below an objective standard of reasonableness.  Moreover, even if Garcia could make such a showing, he provides no evidence to establish prejudice.  In other words there is no evidence that but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland, 466 U.S. 687-88.

33.     In addition, the state court reviewed Garcia's claims of ineffective assistance of counsel and denied those claims.  In giving the state court the appropriate post-AEDPA deference that is required by § 2254, the Court recommends finding that the state court's adjudication of the ineffective assistance of counsel claims did not result in any decision that was contrary to or involved an unreasonable application of clearly established federal law.  Similarly, the Court finds that the state decision was not based on any unreasonable determination of the facts in light of the pertinent evidence discussed by the parties and state court.

**<u>Recommended Disposition</u>**

34.     The Court concludes that none of Garcia's claims entitle him to federal habeas relief and therefore, recommends that Respondents' request to dismiss the petition [Doc. 13, p. 4] be granted, with the result that Garcia's § 2254 petition [Doc. No. 1] be denied and all of his claims dismissed, with prejudice.

_Lorenzo P. Garcia_
Lorenzo P. Garcia
Chief United States Magistrate Judge